Grafton
No. 94-010

## THE ROSSINI & SMITH COMPANIES, INC.

v.

## SUSAN P. LOCKE & a.

June 6, 1995

*Baker & Hayes,* of Lebanon (*Patrick T. Hayes* and *Lawrence A. MacLeod, Jr.* on the brief, and *Mr. MacLeod* orally), for the plaintiff.

*Law Office of David N. Cole,* of Hanover (*Robin C. Curtiss* and *David N. Cole* on the brief, and *Mr. Curtiss* orally), for the defendants.

HORTON, J. The defendants, Susan P. Locke, James M. Rubens, and Kaleidoscope, appeal an order of the Superior Court (*O'Neill,* J.) entering judgment for the plaintiff, The Rossini & Smith Companies, Inc., in the amount of $41,975, plus interest and costs, as the sum due the plaintiff as a commission under the parties' brokerage contract. We affirm.

The plaintiff is a Massachusetts mortgage broker and real estate developer. Susan P. Locke and James M. Rubens are partners in Kaleidoscope, a New Hampshire general partnership that developed a commercial real estate project known as "Hanover Park" in Hanover. The defendants acquired an initial $2.2 million acquisition and construction loan for the Hanover Park project from City Bank and Trust Company (City Bank) of Claremont. After unsuccessfully attempting to procure additional financing to complete construction of Hanover Park, the defendants engaged the plaintiff's services as a mortgage broker. The parties entered into a series of six contracts, pursuant to which the plaintiff agreed to arrange the additional

financing. The plaintiff contacted several banks, including City Bank and Bradford National Bank (BNB) in Bradford, Vermont. The parties met with City Bank officials in an effort to structure a "construction and take out loan commitment" that would refinance the existing City Bank loan while providing additional funds necessary to complete the construction of the project. City Bank committed to remain a lender on the project only in the aggregate amount of $2.1 million. City Bank and the parties agreed that BNB should be approached to secure a participation loan with City Bank to obtain the remainder of the approximately $3.3 million required for the desired construction and take out loan commitment.

The parties decided that BNB should be approached by a local individual with whom it was familiar, since it might be less inclined to cooperate with an out-of-state mortgage broker like the plaintiff. In January 1990, defendant Rubens and his counsel met with BNB officials and presented a financing proposal that the parties stipulate is similar to the one the plaintiff prepared for the defendants. BNB committed to lend the defendants $3.37 million to "take out" the original City Bank loan and to finance the completion of the construction of Hanover Park, instead of the participation loan solicited. The plaintiff submitted a press release to the defendants for their review, announcing that the plaintiff had arranged financing for the Hanover Park project. Defendant Rubens amended the plaintiff's press release only by adding Rubens' name and telephone number. The plaintiff then requested a commission fee of $41,975 pursuant to its contract with the defendants that was in effect when BNB committed to provide the financing. The contract provided that the defendants would pay the plaintiff "a fee for arranging financing . . . , earned upon acceptance of any construction loan commitment and payable at the earlier of closing of the loan or 90 days from acceptance of the construction loan commitment." The plaintiff did not receive the commission fee and filed suit.

The trial court ruled that the contract obligated the defendants to pay the plaintiff a commission fee even if the defendants arranged mortgage financing independently, but also determined that the evidence showed that the defendants did not obtain the loan commitment independently. The defendants appeal, challenging both determinations.

■ The defendants first argue that the trial court erred by determining that "the defendants did not arrange financing for the Hanover Park project independently of the plaintiff." We will not disturb the trial court's finding unless it is unsupported by the evidence or erroneous as a matter of law. *Finlay v. Frederick,* 135 N.H. 482, 487, 606 A.2d 1375, 1376 (1992). According to *Williams v. Walker,* 95 N.H. 231, 234, 61 A.2d 522, 524 (1948), the plaintiff earned its

commission if it was an effective cause of the procurement of the BNB loan:

> The meaning of effective cause for the purpose of ascertaining whether or not a broker has earned his commission has been stated as follows: "An agent is an 'effective cause' . . . when his efforts have been sufficiently important in achieving a result for the accomplishment of which the principal has promised to pay him so that it is just that the principal should pay the promised compensation to him."

*Id.* (quoting RESTATEMENT OF AGENCY § 448 comment *a* at 1050 (1933) (ellipses in original)). A broker is not necessarily deprived of its commission where "the owner personally or through agents carries on negotiations that lead to the purchase." *Finlay,* 135 N.H. at 488, 606 A.2d at 1378 (quotation omitted); *see* RESTATEMENT (SECOND) OF AGENCY § 448 comment *d* at 357 (1958).

■ The record supports the trial court's determination that the plaintiff's conduct helped procure the BNB loan, thereby entitling it to a commission under the contract. First, the trial court found that the parties collectively determined that Rubens would contact BNB. This finding is supported by the evidence. Second, the record shows that in addition to being involved in the formation of the strategy used to approach BNB, the plaintiff helped develop the financing proposal the defendants used to procure the BNB loan. Finally, the defendants tacitly acknowledged that the plaintiff arranged the financing when defendant Rubens approved the plaintiff's press release announcing that "Rossini & Smith Financial Services of Franklin, MA has arranged construction and permanent mortgage loans for Hanover Park."

In light of this holding, we need not decide whether the trial court erred by ruling that under the contract the plaintiff's fee would be earned even if the defendants arranged financing independently. We affirm the trial court's ruling that the plaintiff is entitled to a commission of $41,975, plus interest and costs.

*Affirmed.*

All concurred.